## Norfolk

### WAVERLY H. OWNEY, JR.

v.

### ALICE FAYE OWNEY

No. 0068-88-1

Decided May 16, 1989

256

COUNSEL

Archer L. Jones, III (Jones & Jones, P.C. on brief), for appellant.

H. Woodrow Crook, Jr., for appellee.

OPINION

**BENTON, J.**—Waverly H. Owney, Jr. appeals from a decree entered in a divorce proceeding prior to entry of the decree of divorce. The decree ordered Owney to comply with the terms of a separation and property settlement agreement by paying $182 per month "as spousal support." Owney frames the sole question on appeal as follows:

> When a husband agrees in a property settlement agreement to be responsible for the payments of the first deed of trust and the wife subsequently unilaterally pays said first deed of trust note in full, does the husband's obligation to make the monthly mortgage payments continue until the original obligation would have been paid in full if the note had not been prepaid?

For the reasons that follow, we reverse and remand the appeal.

On January 27, 1987, following their separation, Alice and Waverly Owney entered into a separation and property settlement

agreement. Paragraph six of the agreement provides:

> The parties jointly own two parcels of real estate in Isle of Wight County, Virginia. The marital home is located on one parcel and a trailer is located on the other. Husband shall convey his interest in both parcels by general warranty deed to wife. Husband further agrees to be responsible for the payments of the first deed of trust with Farmers Home Administration against the home and will make the monthly payments of $182.00 when due. Should the wife remarry, this obligation will become her responsibility. Wife will be responsible for paying the second deed of trust monthly payments in the amount of $545.00 to Bank of Isle of Wight. The trailer located on the other parcel of land is jointly owned. Husband agrees to sign over his interest in the trailer to the wife. Husband's father, Waverly H. Owney, Sr., currently resides in the trailer. Wife agrees that Mr. Owney, Sr. may continue to occupy the trailer as his residence as long as he desires, rent free.

The agreement also releases each party from any liability to the other for alimony or support.

In March, 1987, FHA sent to the husband and wife a notice of acceleration of the debt. The notice stated that the husband and wife "failed to obtain refinancing of [the] loan from cooperative or private credit sources" as required by the note and deed of trust they signed. The notice also stated that they were "in violation of and default in the terms of the note and deed of trust." The notice declared the debt "immediately due and payable" and further advised "that the United States may foreclose without Court action by selling the real estate at public sale after April 10, 1987." After the wife communicated with the husband concerning the notice, she refinanced the debt and paid FHA $19,055.14, the full amount of the balance secured by the deed of trust and owed to FHA. The husband thereafter discontinued the payments specified in paragraph six of the agreement.

On September 10, 1987, the wife filed a bill of complaint for divorce *a vinculo matrimonii*, alleging adultery by the husband and requesting, *inter alia*:

that the court confirm, ratify and incorporate the separation property settlement agreement of the complainant and the respondent dated January 27, 1987 as a part of the divorce decree; that the court require the respondent to pay to the complainant the sum of one hundred eighty-two dollars ($182.00) per month representing the equal monthly installments of the Farmers Home Administration indebtedness until the complainant has been totally reimbursed. . . .

The husband's answer admitted that the wife had indeed paid the FHA indebtedness in full, but stated that "such payment was the act of [the wife] without consultation with the [husband] and rendered the provision above mentioned in the property settlement agreement of no force and effect." The husband also denied adultery and filed a cross-bill requesting a divorce *a mensa et thoro* based upon the wife's constructive desertion of the marriage.

At an *ore tenus* hearing, the parties offered evidence concerning only the agreement. The wife testified that she contacted the husband after she received a copy of the notice and that he told her to "go ahead and refinance the loan." The husband testified that he told her "to do what she had to do about the refinancing of the first mortgage." The trial judge issued a letter opinion, stating:

> Upon a review of the agreement (in particular paragraph 6) there is no question that the intent of the parties was that the husband would pay $182.00 to the wife to help her with finances.
>
> *     *     *     *
>
> Considering the evidence of both Mrs. Owney and Mr. Owney and the content of the separation agreement, the $182.00 was intended to be support for wife. . . .

The decree entered on December 17, 1987 provided:

> IN CONSIDERATION WHEREOF, it is ADJUDGED, ORDERED and DECREED that the [husband] is to pay to the [wife] One Hundred, Eighty-Two Dollars (182.00) per month as spousal support from May 1, 1987 until the amount of Nineteen Thousand, Fifty-Five Dollars and Four-

teen Cents ($19,055.14) has been paid in full, or, until the wife remarries, pursuant to the separation agreement of the parties.

No other order or decree with respect to the pending divorce action was entered prior to the notice of appeal.[1]

A circuit judge in a divorce proceeding has the authority to "affirm, ratify and incorporate by reference in its . . . decree of divorce whether from the bond of matrimony or from bed and board, or by a separate decree prior to or subsequent to such decree, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, . . . or establishing or imposing any other condition or consideration, monetary or nonmonetary." Code § 20-109.1. By virtue of its contempt powers, the circuit judge may then enforce the provisions of an agreement between the parties which is incorporated by reference into the decree. *Fry v. Schwarting*, 4 Va. App. 173, 178, 355 S.E.2d 342, 345 (1987). The circuit judge must exercise discretion and is not required in all instances to incorporate the agreement by reference into its decree. The circuit judge may incorporate all, none or selected provisions of the agreement. *Rodriguez v. Rodriguez*, 1 Va. App. 87, 90, 334 S.E.2d 595, 597 (1985). Moreover, the failure to incorporate an agreement does not otherwise affect the binding nature of the agreement as between the parties. *Parra v. Parra*, 1 Va. App. 118, 129, 336 S.E.2d 157, 163 (1985). However, failure to incorporate an agreement deprives a trial court of its power to enforce the agreement through its contempt power. *Rodriguez*, 1 Va. App. at 90, 334 S.E.2d at 597. Incorporation of the agreement by reference under Code § 20-109.1 merely facilitates enforcement of the incorporated agreement in the divorce action through the contempt powers of the divorce court. *Id.*

Although the wife attached a copy of the property settlement agreement to the bill of complaint and requested that the circuit judge incorporate and enforce the provisions of paragraph six of

---

[1] Although neither party has suggested for our consideration the question whether the decree was final, we conclude from our review of the decree that in accordance with its explicit terms the decree was not *pendente lite* and it adjudicated the principles of a cause. Thus, it is a final decree and is appealable. *See Crowder v. Crowder*, 125 Va. 80, 83, 99 S.E. 746, 747 (1919).

the contract, her motion asked only that the trial judge enforce the provision in controversy. Since the agreement had not first been incorporated in a decree, the trial judge had no authority to enforce it pursuant to Code § 20-109.1. After reviewing the agreement, the circuit judge issued a decree, in which he construed the agreement embodied in paragraph six as "intended by the parties as *spousal support*" and ordered the husband to comply by paying "$182.00 per month as *spousal support*" (emphasis added). The decree did not contain language which would permit us to conclude that the trial judge was affirming, ratifying, and incorporating by reference the agreement, or a provision of the agreement pursuant to Code § 20-109.1. Rather, it appears from the wording of the decree that the trial judge elected instead to exercise his statutory authority to determine spousal support. *See Fry v. Schwarting*, 4 Va. App. at 178, 355 S.E.2d at 345.

In setting the award, the trial judge characterized the issue as one involving "spousal support." In so doing he erred. Even if otherwise authorized by statute to make an award of spousal support, the trial judge was not entitled to do so in this case because such an award contravenes the plain language of the agreement. Code § 20-109 provides that "if a . . . contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree . . . directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that . . . contract." Paragraph twelve of the agreement in question specifically releases the husband and wife "of any claim either might have for alimony or support." The trial court's conclusion that the payments under paragraph six of the agreement were "intended by the parties as spousal support" and the subsequent award of "$182.00 per month as spousal support" were plainly inconsistent with the contract.

The dispute in this case centered on conflicting interpretations of a provision of the separation and property settlement agreement. The specific question raised was whether the husband's obligation under paragraph 6 of the agreement, "to be responsible for the payments of the first deed of trust note with Farmers Home Administration," has been extinguished. It was the husband's position that under the plain language of the provision he was not required to continue the monthly payments because the continued

existence of the FHA deed of trust was an essential prerequisite to his obligation to perform. According to the wife, the essential part of the bargain was that the husband assumed responsibility for payment of the first deed of trust. She contends (1) that the acceleration of the debt did not relieve the husband of his obligation to pay the debt, and (2) that her action in refinancing did not relieve the husband of the legal obligation to pay the debt because the refinancing occurred after the obligation had been called and after consultation with the husband. Thus, it is clear from the positions taken by the parties that resolution of the dispute involved a determination whether, under the contract, the husband had a continuing legal obligation to pay, and, if so, whether he breached the contract by failing to make payments as of March 1987. That determination is quite different than the balancing test required to resolve issues of spousal support.

We do not resolve the underlying contractual dispute. Rather, we remand to the trial judge for further proceedings including, if the property settlement agreement is considered for incorporation in a decree, the questions whether the agreement is valid, whether the husband has a continuing obligation under paragraph six of the agreement and, if so, whether paragraph six should be incorporated in a decree since the mortgage referred to no longer exists, and whether any other provision of the agreement should be incorporated by reference in a decree pursuant to Code § 20-109.1. We, therefore, reverse the decree and remand this case to the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded.*

Barrow, J., and Keenan, J., concurred.