Mansur RAHNEMA, Plaintiff,

v.

Elahe MIR–DJALALI, Defendant.

Civ. A. No. 89–620–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 30, 1989.

See also, 742 F.Supp. 296.

Jerrold G. Weinberg, Debra C. Albiston, Dee M. Sterling, Weinberg & Stein, Norfolk, Va., for plaintiff.

James R. McKenry, Todd M. Fiorella, Heilig, McKenry, Fraim & Lollar, Norfolk, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

DOUMAR, District Judge.

This matter comes before the Court on the plaintiff's motion for remand. This diversity case was originally brought as an action at law in the Circuit Court of the City of Virginia Beach, Virginia, on June 8, 1989. The defendant removed the case to this Court on August 25, 1989. The parties agree that they are citizens of different states, that there is proper and appropriate service, and that $50,000 or more is at issue. The question before the Court is whether the domestic relations exception to federal jurisdiction should be invoked to remand the case to state court. For the reasons stated below, the Court finds that this is a contract case which should not be remanded.

### I. FACTUAL BACKGROUND

This suit flows out of an oral contract made in an action for divorce and concerns the issue of whether the defendant violated a contractual clause requiring her to "not unreasonably delay the entry of said final decree." Prior to the entry of the final divorce, the parties entered into a stipulation in accordance with §§ 20–109 and 20–109.1 of the Virginia Code. Among the terms of the agreement were the following: the wife (or defendant) "shall not unreasonably delay the entry of said final decree," and "should it become necessary for either party to use the services of an attorney or to resort to legal action to enforce or prevent the breach of any provision of this agreement, that party shall be entitled to reasonable attorney's fees and costs...." The parties were granted a final decree of divorce on October 11, 1988.

The plaintiff claims that after the parties orally agreed to the terms of the contract, the defendant refused to comply with the contract and unreasonably delayed the entry of a final decree of divorce. The plaintiff also claims that the defendant's alleged breach caused the expenditure of fees and costs to enforce the contract and that the defendant is liable for the fees of this suit for breach of the contract.

## II. CONCLUSIONS OF LAW

There has always been a distinction between law and chancery courts in Virginia. Divorce is generally considered to be a purely statutory remedy. Va. Const. art. IV, § 14; *White v. White*, 181 Va. 162, 24 S.E.2d 448 (1943). However, the Ecclesiastical Courts of England granted separation or divorce from bed and board and this became part of the common law of England. From this precedent, chancery courts were held to have the inherent power to award alimony in Virginia where there were no statutes authorizing divorce. *Almond v. Almond*, 25 Va. (4 Rand.) 662 (1826). The first annulment statute was enacted in Virginia in 1819. The first statute concerning divorce was enacted in 1827. In every instance these actions were relegated to the jurisdiction of the chancery courts, and that chancery or equity jurisdiction has continued until modern times. Va. Code § 20–96; *Eaton v. Davis*, 176 Va. 330, 10 S.E.2d 893 (1940); *Gloth v. Gloth*, 154 Va. 511, 153 S.E. 879 (1930).

The suit here is not one for alimony nor one for divorce, although it concerns the prior divorce proceedings and a contract governing the conduct of the parties during those proceedings. This is not a chancery action but was filed on the law side of the Virginia Beach Circuit Court. The suit is not for specific performance but is instead solely an action for damages for breach of contract.

The plaintiff's argument in support of remand relies on the fact that the federal courts have traditionally declined to assert jurisdiction over claims involving domestic relations. *See e.g., Wilkins v. Rogers*, 581 F.2d 399, 403 (4th Cir.1978). This exception to diversity jurisdiction has its roots in the doctrine of comity that exists between state and federal courts. *See Kelser v. Anne Arundel County*, 679 F.2d 1092, 1094 (4th Cir.1982). The plaintiff argues that this Court should remand because this case involves the defendant's alleged failure to honor an oral separation agreement that governed the parties' conduct at a time while they were still married. The plaintiff also argues that resolution of this dispute will require an interpretation of §§ 20–109 and 20–109.1, which are part of Virginia's domestic relations law.

Although the plaintiff's argument would be persuasive under the traditional broad view of the domestic relations exception, several recent cases from the United States Court of Appeals for the Fourth Circuit have significantly narrowed the scope of this exception to diversity jurisdiction. For example, in *Cole v. Cole*, 633 F.2d 1083 (4th Cir.1980), the Fourth Circuit held that the domestic relations exception only applies to core domestic relations functions such as granting a divorce, awarding alimony, determining child support, and decreeing visitation. *Id.* at 1087. District courts may not decline jurisdiction simply because a dispute contains intrafamily aspects, rather, they "must consider the exact nature of the rights asserted or of the breaches alleged." *Id.* at 1088.

There is no question that this case arises from a bitterly contested divorce and involves alleged breaches of a separation agreement governing the parties' conduct prior to the final decree of divorce. Moreover, adjudication of this dispute may require this Court to interpret some sections of Title 20 of the Virginia Code, which is the portion of the Virginia Code governing domestic relations. These factors alone, however, are not enough to invoke the domestic relations exception. The Court must consider the "exact nature" of this case and the Court is convinced that at its core this case is merely an action for breach of contract.

The plaintiff originally filed this case in state court on the law side of the docket. This filing at law rather than in equity indicates that this case does not involve a core domestic relations issue such as divorce, alimony, child custody, or child support. *See Cole*, 633 F.2d at 1088. If the dispute did involve any of these issues, the plaintiff would have filed a bill of complaint in equity. A reading of the plaintiff's complaint clearly indicates that his suit was brought to obtain damages arising from a breach of contract. Although the separation agreement allegedly breached

did govern the parties' conduct prior to the final divorce decree, the present action does not seek to modify that decree or in any way to reopen the divorce proceedings. Therefore, at its core, this case involves an action at law for breach of contract to which the domestic relations exception does not apply.

The plaintiff also argues that this Court should remand the case because this dispute would not have arisen but for the parties' highly contested and emotional divorce proceeding. The Court must reject this argument. The fact that the parties' previous marital relationship and the strong feelings associated with that relationship may be the primary motivating force behind this lawsuit does not make this a domestic relations case. *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir.), *cert. denied*, 459 U.S. 1014, 103 S.Ct. 372, 74 L.Ed.2d 507 (1982). Furthermore, this dispute does not involve any custody or parental rights questions, nor are there any pending state court actions that the parties might seek to play this action off against. *See Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir.1978). Instead, this case involves an alleged breach of contract "between persons long since divorced." *Id.*

The Court is competent to determine the rights and duties of the parties under the oral agreement, and no elements of comity between federal and state courts are involved. Although an acrimonious domestic relations dispute clearly underlies the present case, "[s]o long as diversity jurisdiction endures, federal courts cannot shirk the inconvenience of sometimes trading in wares from the foul rag-and-bone shop of the heart." *Cole*, 633 F.2d at 1089. Accordingly, the plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.