**Mansur RAHNEMA, Plaintiff–Appellant,**

v.

**Elahe MIR–DJALALI,**
**Defendant–Appellee.**

Civ. A. No. 89–620–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 11, 1990.

Jerrold G. Weinberg, Debra C. Albiston, Dee M. Sterling, Weinberg & Stein, Norfolk, Va., for plaintiff-appellant.

James R. McKenry, Todd M. Fiorella, Heilig, McKenry, Fraim and Lollar, Norfolk, Va., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

DOUMAR, District Judge.

This matter is before the Court sitting as a court of appeals pursuant to 28 U.S.C. section 636(c)(4) on an appeal by the plaintiff/husband from a final judgment of the United States Magistrate granting summary judgment in favor of the defendant/wife. The plaintiff's action seeks damages resulting from the defendant's alleged breach of an oral separation agreement. The plaintiff claims that the defendant unreasonably delayed the entry of a final decree of divorce in breach of the oral agreement. Based upon the record of the divorce proceedings between the parties in the Circuit Court of the City of Virginia Beach, Virginia ("state court"), the Magistrate concluded that principles of res judicata and collateral estoppel barred the plaintiff's action and granted summary judgment. On appeal from the judgment of the Magistrate, this Court finds that the state court has already determined that the defendant did not unreasonably delay the entry of the final decree. Therefore, this Court concludes that the plaintiff is collaterally estopped from bringing this action and AFFIRMS the judgment of the Magistrate on that basis.

In addition, the plaintiff has filed a motion asking the undersigned district judge to reconsider his order declining to remand this case to state court. For the reasons stated below, the plaintiff's motion for reconsideration is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mansur Rahnema and Elahe Mir–Djalali were married on January 19, 1985 in the District of Columbia. By February 1986, the parties' marriage began to fall apart and they ceased living together in their Virginia Beach home in February or March of that year. Subsequently, the plaintiff filed a bill of complaint in equity in the Circuit Court of the City of Virginia Beach seeking a divorce on the grounds of desertion and the defendant filed a cross-bill alleging cruelty.

On June 18, 1987, the parties entered into an oral agreement in accordance with §§ 20–109 and 20–109.1 of the Virginia Code. The terms of this oral agreement were reduced to writing and a copy of the writing was attached to the plaintiff's bill of complaint in the instant case. Appended to the agreement was a list of personal property that belonged to the defendant prior to the marriage. A controversy arose over three Arbabi paintings contained in the personal property list that caused the defendant to refuse to formally execute the agreement. After the agreement became disputed, what might have been a relatively simple proceeding became a bitterly contested divorce that was not resolved until the state court issued a final decree of divorce on October 11, 1988. As a result of the delay, a pendente lite order of the state court required the plaintiff to pay monthly spousal support until the entry of the decree of divorce. The plaintiff did not pay this spousal support as required.[1]

The oral separation agreement provides in pertinent part as follows:

2. *Spousal Support.* The parties acknowledge that the Order Pendente Lite of the Circuit Court of the City of Virginia Beach entered herein shall remain in full force and effect pending the entry of a final decree of divorce. Thereafter, both parties waive their right to spousal support, whether past, present or future, except for any accrued but unpaid sums according to said order Pendente Lite. Wife shall not unreasonably delay the entry of said final decree. ·

. . . .

6. *Attorney's Fees and Costs.* Husband shall pay to Cox & Cox, Wife's attorneys, the sum of $10,000 on account of Wife's attorney's fees. Said sum is to be paid as provided in paragraph 4 above.

. . . .

---

1. After the final decree of divorce was issued, the plaintiff ultimately paid $30,800 in spousal support arrearages that had accumulated from July 1987 through September 1988.

9. *Attorney's fees and costs:* Should it become necessary for either party to use the services of an attorney or to resort to legal action to enforce or prevent the breach of any provision of this agreement, that party shall be entitled to reasonable attorney's fees and costs for services rendered against the defaulting party.

Pursuant to § 8.01–607 of the Virginia Code, the state court referred the matter to Commissioner in Chancery E.T. Caton for a report. From June of 1987 until January of 1988, the commissioner heard testimony on five separate days. During the hearings before the commissioner and in a letter to the commissioner, the plaintiff advocated his position that the defendant should pay his attorneys' fees and costs because the defendant's alleged breach of the oral agreement caused these extensive hearings. See Transcript of proceedings before the commissioner, January 28, 1988, at 80; Letter from the plaintiff's attorney dated April 27, 1988; Letter from the commissioner dated July 8, 1987. The plaintiff also disputed the spousal support arrearages claimed against him. See Transcript of proceedings before the commissioner, January 28, 1988, at 100.

On May 12, 1988, the commissioner issued his report. The commissioner found that the parties had reached an oral agreement and he recommended that the state court ratify and affirm the agreement in its final decree of divorce. Commissioner's report ¶ 16(a). The commissioner also found that the plaintiff's spousal support payments were in arrears and recommended that a judgment be entered against the plaintiff for these arrearages. Commissioner's report ¶ 15. In addition, the commissioner recommended that the plaintiff pay $10,000 toward the defendant's attorneys' fees. Commissioner's report ¶ 19. Finally, although the commissioner found that the defendant had deserted the plaintiff, he recommended that the plaintiff be granted a divorce *a vinculo matrimonii* on the ground of a one year separation. Commissioner's report ¶¶ 11 and 12.

On May 20, 1988, the plaintiff filed exceptions to the commissioner's report. The plaintiff claimed that the commissioner erred in finding that the plaintiff was in arrears in the payment of spousal support. The plaintiff also claimed error in the commissioner's refusal to award the plaintiff his attorneys' fees and in the commissioner's recommendation that the plaintiff pay $10,000 toward the defendant's attorneys' fees.

On September 9, 1988, the parties appeared before Virginia Circuit Court Judge Alan E. Rosenblatt for a lengthy hearing on the commissioner's report and the exceptions filed thereto by the parties. At that time the plaintiff vigorously disputed the commissioner's recommendations with regard to the issues of attorneys' fees, costs and arrearages. With regard to the arrearages, counsel for the plaintiff argued as follows:

It's our position that Mrs. Rahnema has unreasonably delayed the entry of this final decree. If it weren't for her actions and her actions alone, in saying that the case was not settled and hoping that she could come in here before Your Honor and get more money than she had previously agreed, that this decree would have been entered in July of 1987, thirteen months ago, and spousal support would have terminated in July of 1987, thirteen months ago.

This is a court of equity and it is just simply not in keeping with the court of equity to award Mrs. Rahnema spousal support that has accumulated for thirteen months as a result of her action....

Transcript of proceedings (part I), September 9, 1988, at 49–50; *see also Id.* at 29 and 52. In addition, because of the defendant's alleged unreasonable delay, counsel for the plaintiff urged the state court to disallow the arrearages by entering its decree nunc pro tunc:

Judge, I believe under Virginia law Your Honor does have the authority to stop this support as of July [1987] because we would ask Your Honor that this final decree of divorce should be entered nunc pro tunc, effective July of [1987], which

was when this divorce would have been granted if Mrs. Rahnema had not taken the action.

*Id.* at 52. The plaintiff also argued that his attorneys' fees and costs were substantially increased because the defendant's challenge to the oral agreement necessitated many days of hearings before the commissioner. Counsel for the plaintiff argued as follows:

It's our position that all of these hearings were unnecessary. The case had been settled.

. . . .

We would ask that Your Honor award all of those costs to Dr. Rahnema, and of course, all of the attorney's fees that have been incurred in attempting to prove that there was a settlement agreement, and in fact, there was a settlement agreement.

Transcript of proceedings (part I), September 9, 1988, at 44–45; *see also Id.* at 26.

After hearing these arguments, Judge Rosenblatt announced his decision. He decided the issues of fees, costs and the arrearages as follows:

As far as the commissioner's recommendation on attorneys' fees is concerned, I'm going to sustain the commissioner. The agreement calls for $10,000 in attorneys' fees and there is absolutely nothing in this record that would lead me to be inclined in any way whatsoever to give Mrs. Rahnema more counsel fees.

As far as the arrearages are concerned, there are many reasons why divorce cases are not heard in an expeditious time frame. While it may have been that it was anticipated a decree would have been entered in August, this case broke down and was still delayed 14 months before final hearing before a judge, and based upon what I've heard, I'm going to rule that Mr. Rahnema is

obligated, under the original pendente lite order to pay the arrearages to Mrs. Rahnema.

Transcript of proceedings (part II), September 9, 1988, at 2–3. In addition, Judge Rosenblatt refused to acknowledge any unreasonable delay by the defendant by entering the decree nunc pro tunc: "I'm not going to enter this decree nunc pro tunc to whatever day you asked." *Id.* at 8. Finally, Judge Rosenblatt made a finding that the defendant deserted the plaintiff on February 19, 1986, however, he decided to affirm the commissioner's recommendation that the divorce be granted on the basis of a one year separation. *Id.* at 5–6.

The final decree of divorce was issued by the state court on October 11, 1988. The decree reflected Judge Rosenblatt's findings and specifically overruled the plaintiff's objections to the portions of the commissioner's report that denied the plaintiff an award of fees and costs, and ordered the plaintiff to pay the arrearages. With regard to the oral agreement, the decree states that it "is hereby found, determined and declared to be binding and valid and is hereby ratified and affirmed by this decree. . . ."

On June 8, 1989, the plaintiff filed the instant suit as a motion for judgment on the law side of the docket of the Circuit Court of the City of Virginia Beach. The motion for judgment alleged that as a result of the defendant's refusal to comply with the oral agreement, the "plaintiff was forced to take legal action against defendant to enforce said agreement, which legal action caused plaintiff to incur substantial attorney's fees, costs, and other damages." Motion for judgment ¶ 6.[2] Process was served on the defendant on August 7, 1989. On August 25, 1989, the defendant removed the case to this Court. Several motions were then filed. The defendant filed

---

**2.** The plaintiff seeks the following as damages in the present action: (i) attorneys' fees and costs incurred in connection with the additional proceedings in state court and the fees and costs incurred in this case, (ii) the additional $30,800 in spousal support payments that accumulated from July 1987 through September 1988, and (iii) heightened interest costs caused by the in-

crease in interest rates that occurred from the time of the oral agreement to the time of the final decree of divorce. This increase affected the plaintiff when he mortgaged his home in order to acquire the cash needed to pay $175,-000 to the defendant as required by the oral agreement.

a motion to dismiss alleging inadequate service of process and a motion to dismiss for failure to state a claim upon which relief can be granted. The plaintiff, in turn, filed a motion to remand the case to state court pursuant to the domestic relations exception to diversity jurisdiction. *See e.g., Wilkins v. Rogers,* 581 F.2d 399, 403 (4th Cir.1978). Finally, on September 27, 1989, the parties signed a joint consent to proceed before a United States Magistrate in accordance with the provisions of 28 U.S.C. section 636(c). The parties also elected to take a direct appeal to a district judge with further review by the United States Court of Appeals for the Fourth Circuit upon petition for leave to appeal.

On October 25, 1989, counsel for the parties appeared before the undersigned district judge for a hearing on the outstanding motions. By order dated December 13, 1989, this Court denied the defendant's motions to dismiss without prejudice to any motion for summary judgment in the future. The plaintiff's motion to remand presented a more difficult question because this case is so closely intertwined with the prior state court divorce proceedings. Since this case did not seek to modify the divorce decree or reopen the divorce proceedings, but was a pure breach of contract action filed on the law side of the state court, this Court concluded that "at its core, this case involves an action at law for breach of contract to which the domestic relations exception does not apply." *Rahnema v. Mir–Djalali,* 742 F.Supp. 927, 929 (E.D.Va.1989). It was not remanded.

On February 9, 1990, the defendant filed a motion for summary judgment alleging that principles of res judicata and collateral estoppel barred the plaintiff's action because the circuit court had already decided the dispositive issues in this case. On March 1, 1990, by consent, counsel for the parties appeared before the Honorable Tommy E. Miller, United States Magistrate, for argument on the defendant's motion. By order dated March 2, 1990, the Magistrate granted the defendant's motion on grounds set forth in a memorandum opinion dated March 29, 1990. Based upon the record from the state court, the Magistrate found that the state court judge had ruled that the defendant did not unreasonably delay the entry of the final decree of divorce. Next, the Magistrate found that the state court judge had jurisdiction to rule on the issues of attorneys' fees and spousal support and that he had ruled adversely to the plaintiff on both issues. Thus, the Magistrate concluded that the judgment of the state court was res judicata as to the claims for attorneys' fees and spousal support in the present case. Finally, because the state court had found that the defendant did not unreasonably delay the entry of the decree, the Magistrate found that the plaintiff was collaterally estopped from asserting that the defendant's alleged delay caused damages in the form of higher interest rates on his home mortgage.

On March 29, 1990, the plaintiff filed a notice of appeal from the final judgment of the United States Magistrate. In addition, on April 26, 1990, the plaintiff filed a motion asking the undersigned judge to reconsider this Court's order dated November 30, 1989, declining to remand the case to state court for lack of diversity jurisdiction.

## II. CONCLUSIONS OF LAW

### A. *Motion to Reconsider Finding of Diversity Jurisdiction*

■ On September 11, 1989, the plaintiff filed a motion to remand this case to state court alleging that this Court lacked jurisdiction under the domestic relations exception to diversity jurisdiction. Because the case was filed as an action at law seeking damages arising from an alleged breach of contract, the undersigned judge, by order dated November 30, 1989, determined that the domestic relations exception did not apply and refused to remand the case to state court. The plaintiff now seeks a reconsideration of this order.

At the time the Court rendered its decision denying the plaintiff's motion to remand, this case was at the pleading stage. The Court could not foresee that the case would ultimately be dismissed on the basis

of res judicata and collateral estoppel, nor could the Court foresee that the dismissal would require an interpretation of the power and jurisdiction of a state court judge in a divorce proceeding. Nevertheless, even though the Magistrate's disposition of this case involved a detailed analysis of the prior divorce proceedings and of Virginia domestic relations law, the Court will adhere to its decision retaining its jurisdiction.

The domestic relations exception to diversity jurisdiction is limited to "the specialized category of true domestic relations cases...." *Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir.1980). This category is limited to four types of cases. "[T]he district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." *Id.* at 1087. This case is not a true domestic relations case in this sense, however, since the plaintiff's complaint does not seek an equitable decree. Instead, the complaint alleges that the defendant's actions constituted a breach of an oral agreement that occurred in the midst of a contested divorce proceeding. The complaint does not contest the divorce itself. "[F]ederal courts have often exercised diversity jurisdiction to rule on the validity of prior state decrees or to determine the existence of a breach of duties established in such decrees, especially when the duties are no longer subject to modification." *Wasserman v. Wasserman*, 671 F.2d 832, 835 (4th Cir.), *cert. denied*, 459 U.S. 1014, 103 S.Ct. 372, 74 L.Ed.2d 507 (1982). In his decision, the Magistrate did no more than analyze the record of the state court proceedings and determine that principles of res judicata and collateral estoppel barred the present contract action at law.

It now appears that the very jurisdiction of the state divorce court became involved in this litigation. However, this did not become apparent until the time of trial and the simultaneous consideration of a motion for summary judgment. To reconsider such a motion to remand after a decision on the merits is patently absurd. Accordingly, the Court finds that this case cannot be remanded because it is not a true domestic relations case and the plaintiff's motion for reconsideration is DENIED.

B. *Appeal from the Magistrate's Order Granting Summary Judgment*

According to the plaintiff's factual contentions found in the order on final pretrial conference, there is only one factual issue to be decided in this case. That is, whether the "[d]efendant breached the oral agreement, the terms of which were memorialized ... by unreasonably delaying the entry of the divorce Decree." Order on Final Pretrial Conference, filed February 9, 1990, ¶ 4(a).

In his opinion, the Magistrate concluded, based upon the final decree of divorce and upon Judge Rosenblatt's findings made at the hearing on September 9, 1988, that the state court had already ruled that the defendant did not unreasonably delay the entry of the final decree of divorce.[3] In addition, the Magistrate concluded that the state court had specifically denied the plaintiff's requests for attorneys' fees and costs and had specifically found the plaintiff liable for the spousal support arrearages to the date of the final hearing in state court. Therefore, the Magistrate found that the plaintiff's claims for fees, costs and spousal support arrearages were res judicata and that the plaintiff's claim for alleged damages from higher interest rates was barred by collateral estoppel.

The powers of a state court judge in a divorce proceeding are granted by statute and have been explained in numerous Virginia cases. A state court in a divorce proceeding "may affirm, ratify and incorporate by reference in its ... decree of divorce ... any valid agreement between the parties, or provisions thereof...." Va. Code Ann. § 20–109.1 (1990). The state

---

**3.** Judge Rosenblatt said: "[T]here are many reasons why divorce cases are not heard in an expeditious time frame. While it may have been that it was anticipated a decree would have been entered in August, this case broke down and was still delayed 14 months before final hearing before a judge...." *Supra* at 299.

court "may incorporate all, none or selected provisions of the agreement." *Owney v. Owney,* 8 Va.App. 255, 259, 379 S.E.2d 745, 748 (1989). If the agreement or a portion thereof is incorporated into the decree of divorce, it becomes a term of the decree and is enforceable through the contempt power of the divorce court. *Id.* However, the state court may choose not to incorporate the agreement but rather to affirm and ratify either the entire decree "or provisions thereof." Va.Code Ann. § 20–109.1. In such a situation, "the decree is an approval of a private contract," *Rodriguez v. Rodriguez,* 1 Va.App. 87, 90, 334 S.E.2d 595, 597 (1985), and this "failure to incorporate an agreement does not otherwise affect the binding nature of the agreement as between the parties." *Owney,* 8 Va.App. at 259, 379 S.E.2d at 748; *see also Shoosmith v. Scott,* 217 Va. 290, 227 S.E.2d 729 (1976). Finally, section 20–109 of the Virginia Code places additional limitations on the state court. Section 20–109 reads in pertinent part as follows:

> [I]f a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

In the present case, the final decree did not incorporate the agreement but instead stated that "said oral agreement be and is hereby found, determined and declared to be binding and valid and is hereby ratified and affirmed by this decree...." The plaintiff argues that res judicata could not apply in this situation because the state court judge was without jurisdiction to rule on the issues of fees, costs and arrearages. *See Lloyd v. American Motor Inns, Inc.,* 231 Va. 269, 271, 343 S.E.2d 68, 69 (1986) (res judicata does not apply unless court

rendering the prior judgment had jurisdiction to do so).[4] According to the plaintiff, section 20–109 "deprives a state court of jurisdiction to deviate from the terms of an agreement between the parties setting forth spousal support and the payment of counsel fees." Plaintiff's brief, filed April 26, 1990, at 7. Because the state court decided to affirm and ratify the oral agreement that called for the defendant to receive $10,000 in counsel fees and dictated that the plaintiff pay spousal support, the plaintiff argues that the state court was required to enter a decree that was "in accordance with" these terms. See Va. Code Ann. § 20–109 (1990). Lastly, the plaintiff argues that the current action brought at law on the contract is the only appropriate occasion to adjudicate the defendant's alleged unreasonable delay because the final decree of divorce only affirmed and ratified the oral agreement.

■ The United States Supreme Court has explained the distinction between res judicata and collateral estoppel as follows:

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552, 559 n. 5 (1979). Collateral estoppel and res judicata serve "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Id.* Because the plaintiff's complaint alleges a cause of action at law that is different from that alleged in his prior equitable action for a

---

**4.** The Court notes that the plaintiff's jurisdictional argument constitutes a curious reversal from the position he advocated before the state court. In the hearings before the commissioner

and before the state court, counsel for the plaintiff vigorously sought a favorable ruling on the issues of fees, costs and arrearages. See *supra* at 298–299.

divorce in the state court, res judicata cannot apply in this case. Nevertheless, the fact that the present case involves a separate cause of action does not preclude the application of collateral estoppel.

■ The Court agrees in part with the plaintiff's view of the jurisdiction of the state divorce court. After the state court affirmed and ratified the entire oral agreement, it was without jurisdiction to vary the terms of the agreement with regard to attorneys' fees, costs and the arrearages, as requested by the plaintiff. However, because the factual issue of the defendant's alleged unreasonable delay was "actually litigated and essential to a valid and final personal judgment in the [state court]," *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974), the Court finds that the plaintiff is collaterally estopped from relitigating this factual issue in this action and affirms the judgment of the Magistrate on this basis.

A reading of the record and of the proceedings before the state court clearly demonstrates that the issue of the defendant's unreasonable delay was zealously argued by counsel for the plaintiff and that Judge Rosenblatt made the factual determination that the defendant did not unreasonably delay the entry of the final decree. Therefore, if this factual determination was essential to the final judgment of the state court, collateral estoppel will bar the plaintiff's present action. This Court finds that the state court's factual determination was indeed necessary under Virginia law.

Prior to issuing the final decree of divorce that affirmed and ratified the entire oral agreement, the state court made several necessary decisions and factual determinations. Most importantly, the state court had to decide whether to incorporate the agreement in whole, in part or not at all, or whether to affirm and ratify the agreement in whole, in part or not at all. This decision necessarily included the consideration of the plaintiff's argument that the defendant

had unreasonably delayed the entry of the decree. If Judge Rosenblatt had determined that the defendant was responsible for the delay, he could have affirmed and ratified all of the agreement except for paragraph 6, which required the plaintiff to pay $10,000 toward the defendant's attorneys' fees. Then the state court could have awarded attorneys' fees to the plaintiff as a result of the defendant's unreasonable delay. *See Alig v. Alig*, 220 Va. 80, 86, 255 S.E.2d 494, 498 (1979) (spouse entitled to recover attorneys' fees when legal expense was due to other spouse's recalcitrance in the divorce proceeding).[5] With regard to the issue of the spousal support arrearages, counsel for the plaintiff specifically asked the state court to enter its decree nunc pro tunc to July of 1987 claiming that entry any date later than that would require the plaintiff to pay arrearages that were caused by the defendant's alleged unreasonable delay. Because the state court found that the defendant caused no unreasonable delay, it refused to enter the decree nunc pro tunc. Instead, the state court required the plaintiff to pay all arrearages up to September of 1988 by entering the decree in October of 1988.

The state court also had to make a determination regarding the existence and validity of the oral agreement. "[P]roperty settlement agreements are contracts and subject to the same rules of formation, validity and interpretation as other contracts." *Smith v. Smith*, 3 Va.App. 510, 513, 351 S.E.2d 593, 595 (1986). The oral agreement was never fully executed and the defendant challenged its validity throughout the state court divorce proceeding. If the state court had found that the oral agreement was invalid, the state court would not have been required to enter a decree "in accordance with" the oral agreement pursuant to section 20–109. *See Parra v. Parra*, 1 Va.App. 118, 129–30, 336 S.E.2d 157, 163 (1985); *Cf. Seehorn v. Seehorn*, 7 Va.App. 375, 382, 375 S.E.2d 7, 11 (1988) ("Decisions of the Supreme Court of Virginia note an

---

5. *See also* letter dated July 8, 1987, from the commissioner to counsel for the plaintiff ("I will entertain a motion on your client's behalf to assess the additional costs and attorney's fees

against Mrs. Rahnema should the evidence disclose that she has acted unreasonably in necessitating the extra expense.").

exception to the 'in accordance' rule when either party objects ... to the entry of a decree incorporating the terms of the contract.").

As a result of the defendant's challenge to the validity of the oral agreement, the case became a contested divorce in which the state court, acting in equity, could have awarded spousal support and attorneys' fees had the state court found the agreement invalid. *See* Va.Code Ann. § 20–107.1 (spousal support); *Kaufman v. Kaufman*, 7 Va.App. 488, 500, 375 S.E.2d 374, 380 (1988) (attorneys' fees); *see also Wagner v. Wagner*, 4 Va.App. 397, 411, 358 S.E.2d 407, 414 (1987) ("An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case."). Moreover, because of the defendant's alleged unreasonable delay, the plaintiff objected to the commissioner's report and argued that the defendant should be required to pay his attorneys' fees and that the plaintiff should not be held liable for the arrearages. See *supra* at 298–299. However, the state court overruled the plaintiff's exceptions to the commissioner's report and found that the defendant did not unreasonably delay the entry of the decree. Therefore, because of the contested nature of the divorce, the state court's determination that the defendant did not unreasonably delay the entry of the final decree was an essential determination to that court's final disposition of the divorce proceedings. *Cf. Diebold & Sons Stone Co. v. Tatterson*, 115 Va. 766, 773, 80 S.E. 585, 587 (1914) (When a party files exceptions the commissioner's report, "it is the duty of the court to examine the evidence returned by the commissioner, and upon which his conclusions are based, and review his conclusions."); *Gilmer v. Brown*, 186 Va. 630, 642, 44 S.E.2d 16, 21 (1947) (the state court must weigh the evidence before the commissioner when its sufficiency is challenged).

Accordingly, since the only disputed issue of fact in this case—the defendant's alleged unreasonable delay—was necessarily decided adversely to the plaintiff in the state court, the plaintiff is collaterally es-topped from relitigating this factual issue in this case.

## III. CONCLUSION

The only issue presented by the plaintiff's action for damages resulting from an alleged breach of contract is whether the defendant unreasonably delayed the entry of the final decree of divorce. After a careful review of the record of the divorce proceedings in state court, the Court agrees with the Magistrate and finds that the state court has already determined that the defendant did not unreasonably delay the entry of the final decree. Because this determination was essential to the disposition of the divorce proceedings in state court, the Court finds that the plaintiff is collaterally estopped from relitigating this issue in this case and AFFIRMS the judgment of the Magistrate on this basis.

In addition, upon careful reconsideration of the undersigned judge's order dated November 30, 1989, the Court will retain its jurisdiction. Although this case involved considerations of the jurisdiction of divorce proceedings and hindsight might indicate that comity may have dictated a remand, at its core, this case is an action at law for breach of contract. Accordingly, the plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.