COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Baker and Elder

STEPHEN ELWOOD GILMAN, II

                                    MEMORANDUM OPINION[*]
v.        Record No. 1107-97-1         PER CURIAM
                                    DECEMBER 16, 1997
NICOLE YVETTE WALTON

            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    William F. Rutherford, Judge

            (Marlene Woodall, on brief), for appellant.

            (Brandon Beach; Tidewater Legal Aid Society,
            on brief), for appellee.


     Stephen Elwood Gilman, II, (father) appeals the decision of

the circuit court refusing to incorporate into its order an

agreement signed by father and Nicole Yvette Walton (mother).

Father contends the trial court erred by finding the agreement to

be ambiguous and abused its discretion by refusing to incorporate

the agreement into its order.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

     Father filed a petition seeking to modify the current

custody arrangement and award him sole custody of the parties'

only child.  In support of that petition, father asked the trial

court to affirm, ratify, and incorporate into its decree an

agreement purportedly signed by the parties.  The agreement

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

presented by father provided, in pertinent part, as follows:

> I, [MOTHER], AGREE TO GIVE LEGAL CARE AND
> CONTROL TO [FATHER] UNTIL DECEMBER WHEN AT
> SUCH TIME A FINAL DIVORCE DECREE IS HANDED
> DOWN.  I AGREE IN THE DIVORCE TO GIVE CUSTODY
> TO [FATHER] WITH LIBERAL AND REASONABLE
> RIGHTS TO VISITATION . . . . :

>      \*   \*   \*   \*   \*   \*   \*

> C)  MOTHER RECEIVING TWO CONSECUTIVE WEEKS
> VISITATION STARTING AT THE BEGINNING OF EVERY
> OTHER MONTH AND SUMMER VACATIONS AND THAT
> THIS VISITATION WILL BEGIN IN [SIC] AT THE
> END OF DECEMBER WHETHER OR NOT FINAL DIVORCE
> DECREE IS HANDED DOWN IN DECEMBER.

>      \*   \*   \*   \*   \*   \*   \*

> E)  ON ODD NUMBERED YEARS THE MOTHER WILL
> HAVE THE CHILD ON CHRISTMAS AND THE FOURTH OF
> JULY AND THE FATHER WILL HAVE HIM ON
> THANKSGIVING AND LABOR DAY.  ON EVEN NUMBERED
> YEARS THE FATHER WILL [SIC] THE CHILD ON
> CHRISTMAS AND THE FOURTH OF JULY AND THE
> MOTHER WILL HAVE HIM ON THANKSGIVING AND
> LABOR DAY.

>      \*   \*   \*   \*   \*   \*   \*

> IT HAS BEEN SIGNED AND WITNESSED ON THIS THE
> 25TH DAY OF OCTOBER.

The trial court refused to incorporate the agreement into its decree, finding the agreement to be ambiguous because it did not refer to the parties' child by name.

"The question whether a writing is ambiguous is one of law, not of fact."  <u>Tuomala v. Regent Univ.</u>, 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996).  "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect

2

of the contract is a question of law which can readily be ascertained by this court." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

We agree with the trial court's conclusion that the agreement was ambiguous. The undated agreement[1] did not identify the child and made only a passing reference to the child's gender. However, that does not in itself make the agreement unenforceable.

> When the language of a contract is ambiguous, parol evidence is admissible, not to contradict or vary contract terms, but to establish the real contract between the parties. The construction of an ambiguous contract is a matter submitted to the trier of fact, who must examine the extrinsic evidence to determine the intention of the parties.

Tuomala, 252 Va. at 374, 477 S.E.2d at 505 (citation omitted). Parol evidence was admissible to establish that the parties had only one child. The trial court allowed father to introduce parol evidence, but found that, because it did not state the child's name, the agreement was ambiguous and therefore unenforceable.

While we find parol evidence was admissible to dispel any ambiguity as to the child whose custody was at issue, we do not find that the court erred in denying father's motion for sole custody based upon the parties' agreement. The parties did not

---

[1] The agreement stated that it was "SIGNED . . . ON THIS THE 25TH DAY OF OCTOBER," but did not indicate the year.

clearly agree that father would have sole custody. The agreement purportedly gave "LEGAL CARE AND CONTROL" to father currently, but "CUSTODY" as of the time of the final divorce. The agreement does not indicate whether the parties intended to share legal custody or physical custody. Without sufficient specificity, the agreement was unenforceable, even if parol evidence identified the child whose custody was at issue.

Under Code § 20-109.1, the trial court is authorized to incorporate into its final decree of divorce "any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary." (Emphasis added). "The circuit judge must exercise discretion and is not required in all instances to incorporate the agreement by reference into its decree. The circuit judge may incorporate all, none or selected provisions of the agreement." Owney v. Owney, 8 Va. App. 255, 259, 379 S.E.2d 745, 748 (1989). The trial court was not required under Code § 20-109.1 to incorporate the agreement in total. Moreover, unlike agreements resolving property issues or spousal support, questions of custody must be made with the best interests of the child as the primary focus. See Code § 20-124.2(B). Therefore, we find no error in the trial court's refusal to incorporate the agreement presented by father into its decree.

4

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.