**Fairfax**

JULIUS JOSEPH RODRIGUEZ

v.

IDA LEE (KING) RODRIGUEZ

No. 0117-84

Argued May 29, 1985

Decided September 17, 1985

88

COUNSEL

John E. Gullette, for appellant.

Thomas O. Murphy and J. Edward Flournoy, for appellee.

OPINION

**KOONTZ, C.J.**—Ida Lee Rodriguez obtained a divorce *a vinculo matrimonii* from Julius Joseph Rodriguez by decree entered on February 9, 1977, in the Circuit Court of Prince William County. On September 13, 1975, these parties had entered into a "property settlement and custody agreement in accordance with § 20-109, 1950 Code of Virginia." This agreement in pertinent part provided that Ida would have custody of the two children of the

parties "until such time as the said children arrive at the age of twenty-five years of age" and, further, that Julius would pay child support in the amount of $160.00 per week "until such time as both children shall arrive at the age of twenty-five years, at which time the support of the children shall be extinguished automatically and without application to any court of law." At the time of this agreement the children were ages nine and four.

Over the objection of Julius, who challenged the validity of this agreement, the Chancellor's divorce decree contained the following provision:

And it further appears to the court that the parties hereto have entered into an agreement in writing for the settlement of their respective marital property rights dated the 13th day of September, 1975, it is further

ADJUDGED, ORDERED and DECREED that the terms of said agreement settling property be and are hereby *approved, ratified,* and *confirmed,* and the marital rights of eahc (sic) in the property of the other are hereby extinguished. (emphasis added).

Numerous hearings were held during the ensuing years for increases or decreases in the amount of child support. Finally, by order entered on November 23, 1984, the Chancellor held that Julius remained obligated and ordered him to continue to pay child support for both children even though one child was over the age of eighteen. This order contains the following language:

Defendant remains obligated to support the child, Durwin J. Rodriguez, who has attained the age of eighteen as required by the property settlement and custody agreement of September 13, 1975, which was approved, ratified and confirmed in the final decree of divorce entered February 9, 1977.

It is from the entry of this order that Julius appeals to this Court.

The issue presented in this case is whether the language of the 1977 divorce decree sufficiently complies with the provisions of

Code § 20-109.1 so as to make the child support provisions of the parties' agreement of 1975 a term of the decree and enforceable in the same manner as any provision of that decree. We hold that it does not.

■ Code § 20-109.1 provides that a court may affirm, ratify and incorporate by reference in its decree any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary. This language does not mandate the court to incorporate the agreement in whole or in part. More significantly, the court is expressly permitted to incorporate selected provisions of the agreement. Where the court does affirm, ratify and incorporate the agreement or provisions thereof, it shall be deemed for all purposes to be a term of the decree and enforceable as such. This code section facilitates enforcement of the terms of an incorporated agreement by the contempt power of the court. *Morris v. Morris,* 216 Va. 457, 459, 219 S.E.2d 864, 866-67 (1975).

■ The Supreme Court in *Shoosmith v. Scott,* 217 Va. 789, 232 S.E.2d 787 (1977), distinguished the effect of a divorce decree that approves a contract between the parties without specifically incorporating the contract or ordering the husband to perform its obligations, and a divorce decree that specifically incorporates the contract or orders the husband to perform its obligations. In the former, the decree is an approval of a private contract and may not be enforced in the divorce suit, whereas in the latter situation, the court may enforce the agreement through its contempt powers.

■ It is well settled that a parent may contract to support children after their minority, and if incorporated into the divorce decree, such a contract is enforceable in the divorce court. *Cutshaw v. Cutshaw,* 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979).

In the instant case, the Chancellor had jurisdiction in the 1984 proceeding to order the continuation of child support for the child

who was over eighteen years of age only if the child support provisions of the agreement of the parties had been incorporated into the 1977 divorce decree. In that regard, the provisions of the divorce decree are defective in two respects.

In the first instance, the provisions of the agreement concerning "settling property" were approved, ratified and confirmed. Child support is not a property right of the custodial parent and consequently the provisions for such child support were not included in the divorce decree.

In the second instance, the language of the divorce decree which "approved, ratified and confirmed" the settlement agreement does not have the same effect as the language of Code § 20-109.1 which provides that a court may "affirm, ratify and incorporate" an agreement. The former merely approves the agreement of the parties while the latter makes the agreement a part of the divorce decree and enforceable as such. Finally, nowhere in the divorce decree is there language ordering the father to pay child support. Therefore, under the facts presented here, the Chancellor lacked jurisdiction to order the father to continue to pay child support once the child attained the age of majority.

The jurisdiction of the divorce court to provide for child support pursuant to a divorce is purely statutory. Code § 20-103 through 109.1 Once the child reaches majority, the jurisdiction of the divorce court to provide for his or her support and maintenance terminates unless otherwise provided by agreement incorporated into a divorce decree. *Cutshaw v. Cutshaw,* 220 Va. at 641, 261 S.E.2d at 54; *see Eaton v. Eaton,* 215 Va. 824, 213 S.E.2d 789 (1975); *Paul v. Paul,* 214 Va. 651, 203 S.E.2d 123 (1974).

Accordingly, the order of November 23, 1984, insofar as it pertains to the child who has reached his majority, will be vacated and this cause remanded for further proceedings consistent with the views expressed herein. Nothing in this opinion is to be interpreted as affecting the provisions of the Chancellor's order concerning the child who has not passed his minority or as affecting

any other remedies the appellee may have to enforce the provisions of her agreement with the appellant.

*Reversed and remanded.*

Baker, J., and Keenan, J., concurred.