## CIRCUIT COURT OF THE CITY OF RICHMOND

Nicole Saku Ghota Baskerville

v.

Dwayne Eugene Baskerville

March 2, 1990

Case No. N-6753-4

By JUDGE RANDALL G. JOHNSON

This case is before the court on plaintiff's motion to have the court affirm, ratify, and incorporate into a final decree of divorce an agreement allegedly entered into by the parties. The agreement was purportedly entered into during depositions taken of the parties on October 5, 1989. During those depositions, the plaintiff-wife's lawyer asked plaintiff a series of questions concerning the parties' property. After plaintiff testified as to her understanding of what the parties had agreed concerning a division of their property, her lawyer made the following statement:

> MR. CATLETT: Please let the record reflect that by consent of counsel that the agreement testified to shall survive in the event that a more finalized writing is not executed between the parties.

MS. DUKE: That is correct.[1]

Defendant was next called to testify. The following questions and answers occurred:

MR. CATLETT:

Q. Mr. Baskerville, you've heard the contents of the property settlement agreement that was testified to by Ms. Baskerville, your wife, have you not, sir?

A. Yes, I do.

Q. And you have been present throughout her testimony, is that correct?

A. I do.

Q. And you have been accompanied by your attorney, Ms. Duke?

A. Yes.

Q. Would your answers to the questions that were posed to your wife in reference to the property and division of that property and the payment of debts and the execution of documents be the same as your wife's?

A. Yes.

Q. You're asking the court to enforce this agreement between the two of you?

A. Yes.

Deposition at 13-14.

---

[1] Dep. at 12. At the time the depositions were taken, Ms. Duke represented the defendant-husband. The court has since allowed her to withdraw from the case.

Subsequently, a writing was drafted incorporating the terms about which the parties testified. Defendant, however, has refused to sign the written agreement, stating that he was mistaken or confused about some of the property he was being asked to relinquish to his wife. He asks that the court not affirm, ratify, and incorporate any agreement into the final decree.

Section 20-109.1 of the Code of Virginia provides, in pertinent part:

> *Affirmation, ratification, and incorporation by reference in decree of agreement between parties.* -- Any court may affirm, ratify, and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, or by a separate decree prior to or subsequent to such decree, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody, and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or non-monetary. Where the court affirms, ratifies, and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree and enforceable in the same *manner as any provision* of such decree.

From the language of the statute, it is clear that an agreement need not be signed, or even in writing, in order to be incorporated into a final decree. The statute, after all, says "any valid agreement between the parties" may be incorporated. Generally, oral agreements, property proved, are entitled to the same dignity as written ones. The agreement sought to be incorporated here, however, does contain matters for which a written agreement is necessary. Specifically, the agreement provides for the sale of the parties' real property, and also contains provisions by which the parties each assume certain jointly incurred indebtedness. Virginia Code § 11-2(6) requires contracts for the sale of real property to be in writing.

Section 11-2(4) requires a contract to charge a person upon a promise to answer for the debt of another also to be in writing. To the extent that incorporation is sought as to those provisions, then, incorporation is not available.

With respect to the other provisions of the agreement,[2] and even if the statute of frauds did not apply to real estate sales and provisions to pay another's debts, the court will still not incorporate the parties' agreement into the final decree. First of all, the language of Section 20-109.1 is permissive; that is, the court "*may* affirm, ratify and incorporate" an agreement. (Emphasis added.) There is no requirement that it do so. *Ross v. Craw*, 231 Va. 206, 343 S.E.2d 312 (1986); *Rodriguez v. Rodriguez*, 1 Va. App. 87, 334 S.E.2d 595 (1985). Moreover, the fact that an agreement is not incorporated does not affect its enforceability as between the parties; it simply means that noncompliance cannot be punished by contempt. *Rodriguez v. Rodriguez, supra; Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 157 (1985). In fact, it is because incorporation may one day involve the court's contempt powers that before incorporating an agreement into a final decree, the court should be absolutely certain that an agreement does, in fact, exist, and that the parties to the agreement have knowingly and intelligently reached that agreement. In light of the defendant's statements that he was confused or mistaken at the time he indicated his consent to the agreement, this court feels it would be highly inappropriate to now place him in a position of being held in contempt for violating the agreement's terms. While contempt proceedings are appropriate where violations of incorporated agreements are concerned, there should be no doubt about whether the agreement itself was voluntarily entered into. The court is not satisfied that such is the case here.

In accordance with the above, plaintiff's motion to have the court affirm, ratify, and incorporate the questioned agreement between the parties is denied. As previously noted, this ruling has no effect on the parties' other rights of enforcement.

---

[2] Virginia Code Section 20-109.1 allows an agreement "or provisions thereof" to be incorporated.