## CIRCUIT COURT OF AMHERST COUNTY

Shannon Williams Buck

    v.

Matthew Neville Buck

July 20, 1993

Case No. (Chancery) 6901

By Judge J. Michael Gamble

This is a divorce action. It presents the unusual issue of whether Mr. Buck is entitled to reimbursement for payment of $2,900.00 made to Mrs. Buck for support of an infant child, Alex Peyton Buck.

The parties were married on July 15, 1989. The child was born on October 21, 1991. The parties began living separate and apart on February 17, 1992. They entered into a separation agreement on March 4, 1992. In the separation agreement, they agreed that Alex Peyton Buck was their child, and Mr. Buck agreed to pay child support in the amount of $50.00 per week. On February 5, 1993, Mr. Buck petitioned the Juvenile and Domestic Relations District Court of Amherst County for a paternity test. The test disclosed that Mr. Buck was not the father of the child, and the Juvenile and Domestic Relations District Court entered an order finding that Mr. Buck was not the father of the child on April 1, 1993.

Mr. Buck, in this divorce action, seeks reimbursement for the $50.00 per week that he paid pursuant to the separation agreement prior to the time that paternity was declared. There was no court order either ordering support or incorporating the separation agreement prior to the hearing in this matter. Mr. Buck merely made the payments pursuant to the contractual agreement of the parties.

Mr. Buck testified that he became concerned about the paternity of the child prior to the execution of the separation agreement. He says that each time he asked Mrs. Buck about the paternity, she assured him that he was the father. Mrs. Buck testified that she also thought he was the father. Mr.

Buck testified that he became suspicious that the father of the child was someone else prior to the time that the separation agreement was signed.

This motion must be dismissed on two grounds. First, the parties have requested that the Court incorporate the separation agreement dated March 4, 1992, in the final divorce decree. However, the parties have requested that the provisions concerning child support not be incorporated. This, of course, is appropriate since § 20-109.1 allows the incorporation of portions of an agreement. *Rodriguez v. Rodriguez*, 1 Va. App. 87, 90 (1985). However, where an agreement is not incorporated into the decree, the trial judge has no authority to enforce the agreement. *Owney v. Owney*, 8 Va. App. 255, 259 (1989). Thus, because the provisions concerning child support have never been incorporated into any divorce decree, the Court has no power to enforce such provisions, it certainly does not have power to order restitution of any chid support payments which were never a part of any court decree.

Next, even if this Court could order restitution of the child support payments, the equities do not favor Mr. Buck in this case. This Court cannot find that the actions of Mrs. Buck were fraudulent. Mr. Buck had suspicion that the child was the child of someone else prior to the time that he signed the separation agreement. Thus, he could not have relied upon any statements by Mrs. Buck. In essence, Mr. Buck took his chances when he signed the separation agreement. Accordingly, in this case, the equities do not weigh in favor of the father to grant relief even if relief could be granted. This, in essence, is what the Court of Appeals of Virginia held in *Aviles v. Aviles*, 14 Va. App. 360 (1992). In that case, a divorce decree was entered which found that the child was the child of the marriage, and the husband was ordered to pay support. After the decree was entered, the husband filed a motion for paternity. Even though it was found that the husband was not the father of the child, the Judge did not set aside the order to pay child support because no fraud had been committed on the Court. The Court found that the father had suspicion that the child was not his prior to the time the decree was entered and allowed the decree to be entered notwithstanding this fact.

Accordingly, the Court in this case will not order Mrs. Buck to reimburse any support payments which had been paid to her by Mr. Buck.

I ask that the attorneys prepare the decree that implements this decision and grants the parties a final divorce.