COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


STEVE ROSE

                                    MEMORANDUM OPINION* BY
v.    Record No. 2776-99-3          JUDGE RICHARD S. BRAY
                                         JUNE 13, 2000
BETTY BARTLETT
 AND WENDY ROSE


                FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                        Thomas H. Wood, Judge

            Roland S. Carlton, Jr. (Carlton & Titus,
            P.L.C., on brief), for appellant.

            Nancy A. Frank (Edmunds, Willetts & Frank,
            P.C., on brief), for appellees.


     Steve Rose (husband) appeals an order of the trial court,

which determined that the court "never . . . adjudicated . . . the

issue[s] of child custody" or attendant support with respect to

children born or adopted by husband and his former wife, Wendy

Rose (wife), and deferred to the jurisdiction of the juvenile and

domestic relations district court (J&D court) for resolution of

such issues.  Husband contends that the trial court displaced the

jurisdiction of the J&D court upon entry of the decree of divorce

between the parties.  We disagree and affirm the trial court.

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The convoluted procedural history of this cause is substantially undisputed. On March 18, 1994, husband filed both a bill of complaint in the trial court, praying for a divorce a vinculo matrimonii, custody of the minor children, and related support from wife, and a petition for like relief in the J&D court. On March 31, 1994, the J&D court entered an order awarding husband custody of the children and, on May 27, 1994, required wife to pay husband support monies for the children. On September 19, 1995, the trial court entered a decree of divorce, which acknowledged that husband "has custody of the three minor children born or adopted of the marriage pursuant to a Juvenile and Domestic Relations Court Order," and recited that "said Order is hereby ratified, confirmed and approved by this Court."[1]

On October 20, 1995, the J&D court entered an order awarding custody of the oldest child, David, to Betty Bartlett, his maternal grandmother, and required husband and wife to pay related child support to Bartlett. Thereafter, prompted by "various show

---

[1] The decree also provided, "this matter is continued on the docket of the Court for a resolution of the child support issues raised in the Court's August 31, 1995 letter opinion." The referenced letter opinion principally addressed equitable distribution issues attendant to the divorce proceedings but mentioned "a hearing for the purpose of determining child support," conducted on June 22, 1995. The record clearly discloses that such hearing related to wife's appeal of a prior J&D court order, which assessed an arrearage due from wife on the prior support order. Wife's appeal was dismissed by the trial court on December 10, 1996.

-

cause motions filed by the respective parties" before the J&D court, husband challenged the continuing jurisdiction of the J&D court over the custody and support issues, arguing that the trial court had assumed exclusive jurisdiction upon entry of the divorce decree. The J&D court agreed and dismissed the proceedings by order of June 9, 1998. Wife and Bartlett appealed to the trial court, resulting in the disputed order, entered September 1, 1999, which "reversed" the J&D court.

In support of the order, the trial court specifically incorporated by reference three letter opinions previously written to counsel, the final of which, dated July 9, 1999, advised the parties that

> the Court rules as a matter of fact that it has never been requested to adjudicate custody and never has, in fact, adjudicated the issue of custody or assumed jurisdiction of the issue of custody. Further, the Court rules as a matter of law that the language in the Order of September 19, 1995, in which this Court "ratified, affirmed and approved" a Juvenile Court Custody Order does not constitute an adjudication of custody and does not constitute an assumption of jurisdiction of the custody issue by this Court. Accordingly, the Juvenile Court had jurisdiction to enter the Order on October 20, 1995, and all subsequent Orders.

The court further concluded that Code § 16.1-244(A) did "not operate to divest the Juvenile Court of its jurisdiction to enter Orders concerning child custody and/or support. No date for a hearing on either issue was ever set in the divorce

-

proceeding, and no hearing was ever held in the divorce proceeding."

Nevertheless, relying upon the pre-emptive provisions of Code § 20-79(a), husband appeals, arguing that the trial court divested the J&D court of jurisdiction over the issues of child custody and support upon entry of the divorce decree, which expressly "ratified, confirmed and approved" the existing J&D court order.

## II.

Initially, we address appellees' motion to dismiss the appeal. Citing Rule 5A:18, wife contends that husband's endorsement of the disputed order, "Seen and Objected To," failed to adequately "preserve issues for this Court's review."

"The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991). "Since the rule provides that '[a] mere statement that the judgment or award is contrary to the law and the evidence is not sufficient,' it follows that a statement that an order is 'seen and objected to' must also be insufficient." Id. at 515, 404 S.E.2d at 738. However, "[c]ounsel may meet the mandates of Rule 5A:18 in many ways." Id.; see, e.g., Weidman v. Babcock, 241 Va. 40, 400 S.E.2d 164 (1991); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3 (1991) (appellant made "known to the trial court his position through

-

his memoranda and other written correspondence with the court prior to . . . issuance of . . . final decree").

Here, husband presented a memorandum of law to the trial court that extensively addressed the jurisdictional questions now on appeal.  Further, the record is clear that the court considered the related arguments and pointedly ruled on such issues.  We, therefore, deny appellees' motion and address the merits of the appeal.

### III.

Code § 16.1-241 provides, in pertinent part, that "each juvenile and domestic relations district court shall have . . . exclusive original jurisdiction . . . over all cases, matters and proceedings involving:  A.  The custody, visitation, support, control or disposition of a child:  . . . 3.  Whose custody, visitation or support is a subject of controversy or requires determination."  However, jurisdiction "[i]n such cases . . . shall be concurrent with and not exclusive of courts having equity jurisdiction, except as provided in [Code] § 16.1-244."  Code § 16.1-241(A)(3).

Code § 16.1-244(A) prescribes, in relevant part:

> when a suit for divorce has been filed in a circuit court, in which the custody, guardianship, visitation or support of children of the parties or spousal support is raised by the pleadings and a hearing is set by the circuit court on any such issue for a date certain to be heard within twenty-one days of the filing, the juvenile and domestic relations district courts shall

-

                    be divested of the right to enter any
                    further decrees or orders[.]

Moreover, Code § 20-79(a) provides that the "jurisdiction of the

court which entered" an order "concerning the care, custody or

maintenance of any child . . . shall cease . . . upon the entry

of a decree . . . for divorce . . ., in which . . . provision is

made for" such issues.

     In the instant cause, husband fully utilized the concurrent

jurisdiction initially available to him in both the trial and

J&D courts, simultaneously filing a bill of complaint for

divorce in the trial court seeking, inter alia, child custody

and support, and a petition pursuing identical relief in the J&D

court.  The record does not reveal that a hearing on the matters

of custody or support was thereafter scheduled in the trial

court "for a date certain to be heard within twenty-one days of

filing."  Code § 16.1-244(A).  Thus, the institution of the

divorce proceedings, together with the related prayers, did not

divest the J&D court from shared jurisdiction.

     Further, the trial court correctly ruled "as a matter of

law that . . . the Order of September 19, 1995, . . . which

. . . 'ratified, affirmed and approved' a Juvenile Court Custody

Order," did not constitute an adjudication of child custody or

support issues.  The language "approved, ratified and confirmed"

is not synonomous with "affirm, ratify and incorporate."

Rodriguez v. Rodriguez, 1 Va. App. 87, 91, 334 S.E.2d 595, 597

                              -

(1985) (emphasis added).  "The former merely approves the [order] . . . while the latter makes [it] a part of the divorce decree and enforceable as such."  Id.  Thus, while the trial court took cognizance of the existing order of the J&D court addressing custody and support, the court did not exercise jurisdiction over such issues, and the resulting silence continued "the preexisting . . . order [of the J&D court] . . . 'in full force and effect,'" without implicating Code § 20-79(a).  Reid v. Reid, 24 Va. App. 146, 151, 480 S.E.2d 771, 773 (1997) (citation omitted).

Accordingly, the jurisdiction of the J&D court to adjudicate the instant issues of child custody and support survived the decree of divorce, and the trial court properly remanded the proceedings.

Affirmed.

-