COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Ortiz and Causey
Argued by teleconference


BOBBY AARON DEEL

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0816-22-3                      JUDGE DANIEL E. ORTIZ
                                                    JANUARY 30, 2024

KIMBERLY LARAINE SCHMIDT, ET AL.


            FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                        Patrick R. Johnson, Judge

        D. Allison Mullins for appellant.

        Robert J. Breimann (Street Law Firm, LLP, on brief), for appellees.


        Bobby Deel ("father") appeals the circuit court's order delineating child support and

arrearages based on the court's prior order incorporating a separation agreement ("agreement")

between the parties.  On appeal, father contends that the circuit court erred in incorporating the

agreement and awarding retroactive child support from the date of the agreement's formation—

contrary to Code § 20-108.1.  We agree in part because the circuit court was well within its

discretion to incorporate the order, but improperly extended the date of arrearages past the initial

proceeding.  As a result, we affirm the incorporation, reverse the retroactive child support award,

and remand the matter to the circuit court for further proceedings consistent with this opinion.

                                      BACKGROUND

        Upon their separation, on December 6, 2012, Kimberly Schmidt ("mother") and father,

an unmarried couple, entered into an agreement to proactively determine "their rights and duties

as parents" to their one minor child, Daelynn Brielle Schmidt.  The agreement—much like any

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

property settlement agreement between married individuals—addressed the distribution of their property and set out the responsibilities of either parent "regarding the custody, support and visitation" of their child. The agreement described father's responsibility to make unspecified support payments to mother for their minor child "in an amount as would be required by [Code §] 20-108.2." It went on to state that "[u]ntil such time as that figure is actually calculated, the Father agrees to make voluntary payments to the Mother for which he will be entitled to a credit against any amount ultimately calculated to be due and owing pursuant to the referenced support guidelines." The agreement also contained an acknowledgment that "there may come a time wherein either party may submit th[e a]greement to a Court . . . for confirmation, ratification and approval" and that a court may incorporate all or part of the agreement's terms—binding "the parties to the fullest extent possible."

Approximately seven years after the agreement's creation, on August 6, 2018, father petitioned the Buchanan County Juvenile and Domestic Relations District Court ("JDR") for custody and visitation of Daelynn Brielle Schmidt. On October 10, 2018, mother petitioned the JDR court for child support. That May, the JDR court resolved the issues of custody, future child support payments, and arrears back to the filing date of mother's petition. Father was to pay and must continue to pay $545.51 per month in prospective child support and arrearages, beginning June 2019. The JDR court declined to rule on the matter of the agreement, stating it was without jurisdiction to resolve disputes arising from the agreement. Mother then timely appealed the matter to the circuit court.[1] While the child support appeal was pending, mother filed two separate causes of action in circuit court—an individual complaint for child support on May 23, 2019, and a complaint on January 23, 2020, for support as "next friend" of Daelynn

---

[1] The record, although not completely clear, suggests the appeal was withdrawn, and the parties do not contest the prospective child support and arrearages dating back to the initial petition in October 2018.

Brielle Schmidt.  In those petitions, mother sought to resolve the obligations of the parties under the agreement as well as the outstanding claim for child support arrears that are due.  She alleged that since the execution of the agreement, father had failed to pay anything towards his support obligation.  She sought unpaid child support for the period from December 1, 2012, through and including August 31, 2018—i.e., child support arrears from the formation of the parties' agreement through the filing of her initial child support petition.  In addition to the establishment of a child support arrearage, she requested payment for father's portion of their child's uninsured medical expenses and her attorney fees.  The court consolidated the two actions for support and the JDR appeal in its order entered July 21, 2021.

Upon mother's motion, on September 11, 2019, the circuit court incorporated the agreement into a court order.  Following a bench trial, the circuit court issued a letter opinion on March 30, 2022, and an order incorporating the letter opinion on May 4, 2022, granting the relief that mother requested.  The court held that the agreement was valid and having been incorporated into an order, now carried the full force and effect of a court order.  The court further rejected father's defenses of res judicata, collateral estoppel, and statute of limitations.[2]

Ultimately, father was to pay $49,206 in child support arrears—presumably for December 6, 2012, through October 10, 2018[3]—plus $1,384.63 in unreimbursed medical

---

[2] The court stated that the statute of limitations did not bar the actions because "the Court treats the agreement as a court order which dates to the original signing of the Agreement.  Thus, there is a twenty-year statute of limitations before the action is barred."

[3] The court failed to explicitly identify the arrearage time period.  However, the letter opinion and order, coupled with the pleadings, imply that the court ordered father to pay arrears from the agreement's date to mother's child support petition date.  The agreement was signed on December 6, 2012, and mother's child support petition was filed on October 10, 2018.

expenses, and $18,728.66 in attorney fees. The court ordered father to pay $577.66 monthly for these arrears. This appeal followed.[4]

ANALYSIS

On appeal, father argues that the circuit court erred by upholding the agreement as valid and incorporating it into the court order. Father first asserts that "Code § 20-108.1(B) precludes the award of retroactive child support prior to an existing and pending [case] in a court of competent jurisdiction." Br., 5. His second assignment of error maintains that the circuit court erred in rejecting his res judicata, collateral estoppel, and statute of limitations defenses.[5]

## I. Standard of Review

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party," and grant "it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). "The language of Code § 20-109.1 gives the trial court discretion in determining whether [an agreement] should be incorporated by reference into a final decree . . . ." *Forrest v. Forrest*, 3 Va. App. 236, 239 (1986). We therefore review the circuit court's ruling under an abuse of discretion standard, and, absent a finding of abuse, the circuit court's decision must be upheld on appeal. However, "[t]o the extent we must consider the meaning and proper reading of [Code §§ 20-108 and -109] in reviewing the trial court's actions, this is a question of law

---

[4] The JDR court's award of custody, future child support, and arrearages from mother's initial October 2018 filing is not on appeal; rather, the circuit court's order incorporating the agreement and granting arrearages totaling $49,206 along with attorney fees and medical expenses requested by mother in her May 2019 complaint is. We will not disturb the JDR court's awards.

[5] We need not, however, answer father's second assignment of error to resolve this appeal. "[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015). In this case, the best and narrowest ground of resolution is through Code § 20-108.1.

subject to de novo review." *Rainey v. Rainey*, 74 Va. App. 359, 377 (2022); *see also Jones v. Commonwealth*, 71 Va. App. 375, 380 (2019) ("We give deference to the trial court's factual findings and review *de novo* the application of law to those facts." (quoting *Carlson v. Commonwealth*, 69 Va. App. 749, 758 (2019))).

We review the circuit court's decision despite the absence of a transcript or written statement of facts. Although reviewing a case on appeal without a transcript or written statement of facts is "the rare exception rather than the general rule," strict adherence to the requirements is only necessary if "the transcript is indispensable to the determination of the case." *Wolfe v. Commonwealth*, 6 Va. App. 640, 643-44 (1988) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

Here, the transcript is not indispensable concerning father's relevant arguments. First, the record includes a "Statement of Established Facts" filed with the circuit court in September 2021. Second, father repeats the same arguments on appeal that he asserted in his memorandum of law to the circuit court in November 2021. Finally, the circuit court memorialized its findings in a detailed letter opinion providing a basis for its rulings. Under these circumstances, the record is sufficient to resolve these issues without a transcript, so we are able to address the merits.

## II. Incorporation of the Agreement Under Code § 20-109.1

We begin with the decision to incorporate an agreement into an order, which involves the exercise of a circuit court's discretion. The authority to award child support "is purely statutory." *Rodriguez v. Rodriguez*, 1 Va. App. 87, 91 (1985). Code § 20-109.1 permits a court to "affirm, ratify, and incorporate by reference in its decree . . . any valid agreement between the parties . . . concerning the . . . care, custody, and maintenance of their minor children." Parents "may, and, indeed, are encouraged under Virginia public policy, to reach agreement respecting

- 5 -

the care and support of their minor children," and "[a] trial court may not disregard an agreement regarding child support in setting an award." *Shoup v. Shoup*, 37 Va. App. 240, 248, 250 (2001) (en banc); *see also Morris v. Morris*, 216 Va. 457, 459 (1975) ("Voluntary, court-approved agreements promote the [policy favoring settlement agreements] and should be encouraged."). Furthermore, Virginia law "place[s] only three limitations" on the terms of an agreement regarding child support: (1) the best interests of the child must be met; (2) the parties may not prevent the court from modifying or enforcing child support; and (3) the parties may not terminate one parent's duty to support the child. *Shoup*, 37 Va. App. at 250-51. Therefore, the court may affirm and incorporate by decree all or part of such private agreements, "provided the court determines that the terms of the agreement are in a child's best interest." *Blackburn v. Michael*, 30 Va. App. 95, 101 (1999); *see also* Code § 20-109.1.

Yet, the permissive language of the Code indicates that a court is still charged with ensuring the proper "effect, scope, or validity of [such] an agreement" when it incorporates the agreement into its decree. *Shoup*, 37 Va. App. at 249. "Where an agreement has been reached and either party requests incorporation, the agreement *may* be affirmed and incorporated into the court's final decree and 'deemed for all purposes to be a term of the decree.'" *Id.* at 250 (emphasis added) (quoting Code § 20-109.1); *see also Doering v. Doering*, 54 Va. App. 162, 170 (2009) (holding that the trial court did not err in failing to incorporate the parties' property settlement agreement because the court "gave a reasonable explanation . . . based on the current financial position of husband and the wife's potential 'weekly' need for the contempt power of the court to enforce the agreement").

The circuit court in this case found the agreement to be valid, and, having been incorporated into an order of the court, it now carries the full force and effect of a court order. Looking to the record, we see no reason why the agreement could not have been incorporated,

nor did the court err in doing so.[6] The court's decision acted within its discretion because mother

properly filed a motion requesting the agreement's incorporation and a hearing was held to hear

arguments regarding its incorporation. The court found father's defenses to be "inapplicable in

this case after thorough review of the court file, evidence, and the law."[7] This was a

discretionary ruling and Code § 20-109.1 provides a "trial court with discretion to incorporate all

or some of the parties' valid agreement without enunciating any limits." *See Shoup*, 37 Va. App.

at 251. "It follows that, where the court . . . incorporates such an agreement into its

[proceedings], in whole or in part, it has necessarily exercised the discretion granted to it under

Code § 20-108.1 and determined that the agreement is consistent with the best interests of the

child. *Id.* Therefore we decline to reverse the incorporation.[8]

---

[6] Judge Causey's dissent argues that the contract is time barred. This argument ignores the installment nature of a child support agreement. Furthermore, the contract contains obligations that survive past 2019, including but not limited to, the obligation to provide for college expenses. Failure to pay child support in 2012 does not negate the continuing obligations outlined in the parties' agreement.

[7] The agreement's contractual nature merits a discussion, as other arguments exist as to its enforceability as a contract. These arguments could touch on the agreement's indefinite terms, and these may have even been persuasive. However, the existence of the severability clause in the agreement and, more importantly, the fact that they were not argued by father precludes us from discussing those arguments today. Father does not challenge the validity of the language of the contract, but only its conflict with the retroactivity provision of Code § 20-108. Father explicitly states in his brief that "[if] a full-blown evidentiary hearing were held regarding the validity of the contract, the evidence would establish that the contract was entered into under duress and that Appellee herself is in breach of the contract." Br., 13. Therefore, father even concedes that any argument for or against the contract's validity is not before the Court nor does the record contain any hearing addressing this argument to review.

[8] Although the lack of a transcript is not dispositive to the legal analysis of father's Code § 20-108.1 argument, it does impede any contract validity argument. There is no transcript of the hearing on mother's motion to incorporate the agreement. Moreover, the record is devoid of any opposition filed by father. In the absence of these items, this Court cannot speculate as to the father's position. *See Smith v. Commonwealth*, 32 Va. App. 766 (2000) (stating that if a transcript is indispensable and not part of the record on appeal, the Court must dismiss on the ground that the record is insufficient to fairly and accurately determine the issues presented); *see also Austin v. Williams*, No. 0808-22-4, slip. op. at 3, 2023 WL 4187847, at *1 (Va. Ct. App. June 27, 2023) ("When the appellant fails to ensure that the record contains transcripts or a

III. Code § 20-108.1's Controlling Language Over Retroactive Child Support Awards

Code § 20-108.1 controls a court's authority to retroactively award child support. In relevant part, Code § 20-108.1(B) states that "[l]iability for support shall be determined retroactively for the period measured from the date that the proceeding was commenced by the filing of an action with any court provided the complainant exercised due diligence in the service of the respondent." Thus, support orders cannot be retroactively awarded, and the court cannot use its contempt powers to make a parent pay child support for any time a legal proceeding is not in place or ongoing. *See Milot v. Milot*, 64 Va. App. 132, 136 (2014) ("[T]o exercise the retroactive authorization set forth in Code § 20-108.1(B) there must be, as a condition precedent, an existing and pending cause in a court of competent jurisdiction.").

The circuit court's finding that father owed arrearages from the date of the agreement, rather than from the date of the initial proceeding, is at odds with the clear and controlling language of Code § 20-108.1(B). Under the statute, the circuit court could not award arrearages from the period before mother's initial filing in the JDR court in 2018. Therefore, we hold that the circuit court erred by awarding child support arrearages, medical expenses arrearages, and attorney fees predating mother's initial filing in its order and letter opinion.[9]

---

written statement in lieu of transcript necessary to permit resolution of appellate issue, any assignments of error affected by such omission shall not be considered." (quoting Rule 5A:8(b)(4)(ii))).

[9] This opinion is limited to the application of Code § 20-108.1 to the retroactive support granted beyond the initial petition date pursuant to a court order—which is the sole issue appealed by the parties. This opinion does not disturb the circuit court's finding that the JDR court had resolved custody, future child support payments, and arrears back to the filing date of mother's petition. Any and all contractual claims are not before us as the circuit court did not rule on such claims nor did it grant any contract damages—only arrearages. Furthermore, although mother's initial May 2019 complaint sought arrearages based on the agreement, after the circuit court's ruling, she did not assign any cross error to the failure to award contractual damages, and thus no contractual damage awards are before us today to review. Judge Beales' dissent suggests that the "contract theory" of recovery is sufficient grounds to support the establishment of an arrearage. The record, to the extent it is complete, belies this argument. The

- 8 -

Because the circuit court was within its discretion when it incorporated the agreement in its final order, we affirm the incorporation of the agreement. Yet the circuit court exceeded its authority under Code § 20-108.1 when it granted arrearages predating the filing of mother's support petition, we, thus, reverse the court's retroactive arrearage amount, and remand the matter to the circuit court for further proceedings consistent with this opinion.

*Affirmed in part, reversed and remanded in part.*

---

circuit court did not discuss the contract theory in its letter opinion and just as importantly, the final award does not provide for contract damages or a judgment on a breach of contract. Without a transcript of the hearing, and an absence of any discussion in the letter opinion or final judgment order, a "contract theory" cannot support the arrearage award. We concede that mother may have a possible avenue of recovery under a contract theory, but she failed to allege a contract claim, present arguments on a contract theory, or provide contract damages to the circuit court. This hypothetical claim is not enough to support an affirmance in this case.

Beales, J., concurring in part, and dissenting in part.

I agree with the majority's holding that we should affirm the circuit court's decision to incorporate the parties' agreement into a court order, and I also agree that the circuit court erred by entering an order that required father to pay statutory child support arrears dating back to the day that the parties executed their agreement on December 6, 2012. However, I disagree with the majority's view that mother cannot receive child support prior to the date of her filing suit because I believe that she asked for child support arguing a breach of contract and that the circuit court did rule on that point.

The majority opinion states, "Any and all contractual claims are not before us as the circuit court did not rule on such claims nor did it grant any contract damages—only arrearages." This reasoning incorrectly applies the procedural bar of Rule 5A:18 to the *appellee*, but this Court has long held that "Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal, where the issue is not offered to support reversal of a trial court ruling." *Harris v. Commonwealth*, 39 Va. App. 670, 675 (2003) (*en banc*) (quoting *Driscoll v. Commonwealth*, 14 Va. App. 449, 451-52 (1992)). In addition, "[c]ross-appeals are necessary only when an appellee seeks to modify or otherwise change a favorable judgment 'with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'" *Alexandria Redevelopment and Hous. Auth. v. Walker*, 290 Va. 150, 156 (2015) (quoting *Jennings v. Stephens*, 574 U.S. 271, 276 (2015)). Mother, as appellee, has not asked this Court to reverse or modify the circuit court's ruling.

Indeed, mother has absolutely no reason to ask this Court to change the circuit court's ruling because mother has now received more child support under the circuit court's erroneous ruling than she would have otherwise received if the circuit court had only awarded her child support for father's breach of contract. The circuit court incorrectly reasoned that mother could

receive *statutory* child support under Code §§ 20-103 and 20-108.2 even before the date that she filed suit, and it then further incorrectly determined that it could award statutory child support dating back to the day that the parties executed their agreement (December 6, 2012). The majority opinion correctly notes that Code § 20-108.1(B) prohibits the circuit court from awarding *statutory* child support prior to the time that mother filed suit. However, mother could still receive damages for failure to pay child support in an action for breach of contract for any of father's breaches that occurred within five years prior to the day that she first filed suit in the Buchanan County Juvenile and Domestic Relations District Court on October 10, 2018. *See Shoup v. Shoup*, 37 Va. App. 240, 249-50 (2001) (*en banc*) ("Indeed, the parties' well-established and broad right to reach legally binding and enforceable agreements concerning the support of their children is firmly rooted in Virginia law."); *Kerns v. Wells Fargo Bank*, 296 Va. 146, 155 (2018) (where the Supreme Court made clear that "Code § 8.01-246(2) prescribes a five-year limitation period running from the day of the 'accrual' of a 'cause of action' that is 'founded' on a written contract").

In her complaint, mother specifically asked the circuit court for "the entry of an Order granting her judgment against the defendant [father] in the amount of Thirty-Four Thousand Thirty Dollars and Sixty-Three cents ($34,030.63) constituting the amounts owed *pursuant to the contract* for both child support and uninsured medical bills." (Emphasis added). Furthermore, the circuit court's May 4, 2022 final order states that "the Defendant [father] is found to have been *in breach of the parties' Agreement*." (Emphasis added). Despite finding that father was in breach of contract, the circuit court applied the incorrect statute of limitations to the action. Rather than applying the five-year statute of limitations for breaches of written contracts (Code § 8.01-246(2)), the circuit court erroneously determined that the twenty-year statute of limitations for the enforcement of court orders applied. Given that mother filed suit on October

- 11 -

10, 2018, the five-year statute of limitations for breaches of a written contract would prohibit mother from recovering any damages that accrued from breaches of the contract that occurred before October 10, 2013. *See* Code § 8.01-246(2). However, mother could still recover damages that occurred from any of father's breaches of the agreement that occurred between October 10, 2013, and October 10, 2018.

In short, I agree with the majority and would affirm the circuit court's decision to incorporate the parties' agreement into a court order. I also would reverse the circuit court's decision to award child support for the time period between December 6, 2012 (the day the agreement was executed) and October 10, 2013. However, I would affirm the circuit court's award of child support for the five years prior to the day that mother filed suit because mother was entitled to child support payments pursuant to the parties' contract, and the circuit court found that father had breached the parties' contract by not paying child support. Furthermore, I would remand for the circuit court to determine the appropriate amount of money to be paid mother for any breaches of the agreement by father in failing to pay any child support due to mother under the agreement from October 10, 2013, through October 10, 2018, pursuant to Code § 8.01-246(2).

Causey, J., concurring in part, and dissenting in part.

I do agree with the majority that the circuit court exceeded its authority under Code § 20-108.1 when it granted arrearages and attorney fees predating the initial filing of mother's support petition. However, because the agreement was time-barred prior to the circuit court's incorporation, I would extend that holding further to state that trial courts cannot create a right of action by incorporating a time-barred or unenforceable agreement into a court order without abusing the court's discretion. Therefore, I respectfully dissent.

Code § 20-109.1 limits all incorporation of agreements subject to Code § 20-108.1. Further, the Code provides that any breach of contract claim must commence "within the later of four years after the right of action accrues or one year after the breach was or should have been discovered, but not later than five years after the right of action accrues." Code § 59.1-508.5(a). Contracts do not last for an indefinite amount of time. There is finality to contracts either set by the parties' terms or set by statute. Here, the agreement contained no specified time period thus, the agreement is governed by the five-year statute of limitations. Further, there must be some action under the contract prior to the contract's expiration. Code § 20-108.1 also controls the court's authority to retroactively award child support. Here, any award based on the agreement would classify as a retroactive award.

Mother states that father never paid any money at any time prior to any court proceeding involving this issue. Mother sought enforcement of the agreement nearly seven years after the agreement was signed. This is greater than the time allowed by statute to seek any claim. "An agreement to pay money, no time being specified, is held to be an agreement to pay the same on demand, and an agreement to pay money yearly is an agreement to pay at the end of the year from the date of the agreement." *Young v. Ellis*, 91 Va. 297, 301 (1895). As a result, by the time mother sought enforcement of the agreement, enforcement was time-barred because the statute

- 13 -

of limitations had run.  Therefore, based on the Code of Virginia and the parties' actions, the agreement was unenforceable, time-barred, and no right to a cause of action was filed within the statutory deadlines.

A trial court should never incorporate a time-barred agreement into a court order for purposes to revive the agreement and extend its enforceability.  The General Assembly has set the parameters for when suits can be brought and how agreements can be incorporated into court orders.  In general, parties may "waive by contract any right conferred by law or contract." *Gordonsville Energy, L.P. v. Virginia Elec. and Power Co.*, 257 Va. 344, 356 (1999).  But the General Assembly has restricted the ability to contract around the statute of limitations.  Parties to an agreement seeking to waive the statute of limitations must do so in writing.[10]  *See* Code § 8.01-232(A).  In this case the codified statutes require for the parties' agreement to be incorporated and enforceable it must comply with Code § 20-108, per Code § 20-109.1, and it does not.  Most importantly, the agreement itself says that it must comply with Code § 20-108.

Here, the circuit court found that the 2012 agreement was enforceable in 2019 based on a provision in the agreement acknowledging the possibility of its incorporation by court order. The circuit court concluded that this acknowledgment was, in effect, a waiver of the right to plead the statute of limitations.  The circuit court erroneously determined that the statute of limitations did not bar this action because "the Court treats the agreement as a court order which dates to the original signing of the Agreement."  As such, the circuit court concluded that there was a twenty-year statute of limitations before the action is barred in this case based on the provision addressing the possibility of incorporation by court order.

---

[10] A written waiver is not valid unless "(i) it is made to avoid or defer litigation pending settlement of any case, (ii) it is not made contemporaneously with any other contract, and (iii) it is made for an additional term not longer than the applicable limitations period."  Code § 8.01-232(A) (2019).

There was not an adequate basis to find that the five-year statute of limitations did not apply to the parties' agreement. There is nothing in the record to support the conclusion that the parties intended their execution of the agreement to waive the statute of limitations. There was no written statement expressly waiving the statute of limitations. In fact, the parties agree that their agreement was subject to Code §§ 20-108 and 20-109. Against the express terms of the parties' agreement and the statutory requirements for incorporation and waiver in this case, the circuit court still found that the parties agreed to waive the ability to plead the statute of limitations. As outlined above, there was no such waiver of the statute of limitations in this case. Clearly, this is an abuse of the circuit court's discretion.

Trial court orders cannot revitalize causes of action on time-barred agreements merely by incorporating them. Nor can parties make agreements subject to indefinite incorporation by simply adding the phrase "can be incorporated into a court order." The addition of those words are not magic words that allow any contract to be incorporated into a court order indefinitely. Especially, if the purpose is to extend the life of the contract or cause of action. To hold otherwise would unfairly leave parties susceptible to shifting and uncertain statutes of limitations for the same breach. *See Lucas v. Woody*, 287 Va. 354, 362 (2014) ("The purpose of a statute of limitations is to provide parties and potential parties certainty with regard to when a cause of action is extinguished."). The Code of Virginia provides for several grounds for permitting revival of time-barred contracts; incorporation by court order is not one of them.

The authority to award child support is purely statutory. *Rodriguez v. Rodriguez*, 1 Va. App. 87, 91 (1985). Again, Code § 20-108.1 controls the court's authority to retroactively award child support. Under Virginia law, support orders cannot be retroactively modified, and the court cannot use its contempt powers to make a parent pay child support for any time where no order is in place, or a legal proceeding is not in place or ongoing. *See Milot v. Milot*, 64

- 15 -

Va. App. 132, 136 (2014) ("[T]o exercise the retroactive authorization set forth in Code § 20-108.1(B) there must be, as a condition precedent, an existing and pending cause in a court of competent jurisdiction."); *see also Cofer v. Cofer*, 205 Va. 834 (1965), *overruled on other grounds* by *Singh v. Mooney*, 261 Va. 48 (2001).  Since this was the parties' first legal proceeding, there was no "condition precedent," no "existing and pending cause in a court of competent jurisdiction," and no support order to be modified—retroactively or otherwise. Contrary to my fellow jurist's dissent, mother cannot receive breach of contract damages pursuant to the parties' agreement.

As outlined above, mother's right to bring a claim for breach of contract had passed. Therefore, I would hold that the circuit court erred in finding the agreement valid, incorporating the agreement into a court order, and finding father to be in breach of the time-barred agreement. Mother is not entitled to any fees based on the agreement including retroactive child support and attorney fees.